IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11569
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALFREDO CASTRO-ALVAREZ,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-230-G
- - - - - - - - - - -
August 14, 1997
Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Alfredo Castro-Alvarez (Castro) asserts that his conviction should be set aside because he did not waive in writing his right to a jury trial in contravention of Fed. R. Crim. P. 23(a). As Castro entered a knowing and voluntary guilty plea in accordance with Fed. R, Crim. P. 11, this assertion has no merit. See Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not clearly err in increasing Castro's offense level by two points for his leadership role in the offense under § 3B1.1 of the Guidelines because the evidence showed that Castro supervised at least one other member of the conspiracy.  United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995); United States v. Ronning, 47 F.3d 710, 711-12 (5th Cir. 1995).

The district court also did not clearly err by calculating the amount of drugs involved in the offense.  The commentary to § 2D1.1 of the Sentencing Guidelines explains how to calculate quantities of drugs involved in agreements to sell controlled substances.  U.S.S.G. § 2D1.1, comment. (n. 12).  Castro concedes that he negotiated with the DEA Agent to provide an additional 20 ounces of heroin and makes no argument that he did not intend to produce, and was not reasonably capable of producing, 20 ounces of black tar heroin.  The district court's finding on the amount of heroin involved in the conspiracy was not clear error.  United States v. Mergerson, 4 F.3d 337, 345 (5th Cir. 1993).

AFFIRMED.